**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Julian Young, Appellant.

Appellate Case No. 2012-213006

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-234
Heard June 4, 2014 – Filed June 18, 2014

———————

**AFFIRMED**

———————

Tara Dawn Shurling, of Law Office of Tara Dawn Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor David M. Pascoe, of Summerville, for Respondent.

———————

**PER CURIAM:**  Julian Young appeals his conviction for murder, arguing the trial court erred in admitting hearsay testimony concerning statements made by the victim after he was shot.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("'The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.'" (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006)); *Michigan v. Bryant*, 131 S. Ct. 1143, 1166 (2011) (holding a gunshot victim's statement to police was non-testimonial and did not violate the Confrontation Clause when the police's "primary purpose was simply to address what they perceived to be an ongoing emergency, and the circumstances lacked any formality that would have alerted [the victim] to or focused him on the possible future prosecutorial use of his statements"); *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602, 604 (2008) ("A court must consider the totality of the circumstances when determining whether a statement is admissible under the excited utterance exception, and the determination is generally left to the sound discretion of the trial court."); *State v. Burdette*, 335 S.C. 34, 43, 515 S.E.2d 525, 530 (1999) (holding the supreme court has generally allowed as excited utterances statements made by the victim to the police immediately following a physical attack); *State v. McHoney*, 344 S.C. 85, 94-95, 544 S.E.2d 30, 34-35 (2001) (finding victim's statement to a nurse while she was under the continuing stress of being stabbed in the abdomen and having her throat cut was inherently reliable because the victim had no time to reflect on the event); *State v. Sims*, 348 S.C. 16, 23 n.1, 558 S.E.2d 518, 522 n.1 (2002) (finding declarant's statement in response to a question did not prevent his answer from being an excited utterance).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**